UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DAVID MURPHY,

        Plaintiff,        Case No. 1:15-cv-657

v.        Honorable Janet T. Neff

JOHN JOBOULIAN et al.,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and state law. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action against Defendant Zeis will be dismissed for lack of jurisdiction. The Court will serve the complaint against the remaining Defendants.

**Factual Allegations**

Plaintiff Timothy David Murphy is incarcerated by the Michigan Department of Corrections (MDOC) at Bellamy Creek Correctional Facility (IBC). He sues the following individuals who work at IBC: Dentists John Joboulian and Tom Cooley; Visiting Dentists Scott Minnich, Shrrell Byard, and Kevin Murphy; Health Unit Manager (HUM) Ann Karp; Off-site Specialty Scheduler Diane Hagland; Health Information Manager Barbara Zeis; and Dental Assistants Diane Suppes, Tanya Russell, and Jennifer Hanline.

Plaintiff alleges that on September 19, 2012, January 8, 2013, and September 2, 2013, he submitted healthcare requests for urgent treatment of a dislodged restoration in one of his teeth (tooth #19), which was causing so much pain that he was unable to chew with that tooth. Between September 19, 2012 and September 3, 2013, the only response he received was a statement from Defendant Suppes that Plaintiff was on a waiting list for treatment.[1] Suppes also advised Plaintiff to purchase pain medication. Defendant Cooley eventually restored the tooth on September 4, 2013. Plaintiff contends that Suppes and Cooley were responsible for responding to his requests for treatment, but they failed to do so in a timely fashion.

On September 24, 2013, Defendant Joboulian diagnosed Plaintiff with an "abnormal temporomandibular joint" and restorable decay in two of his teeth (tooth #17 and tooth #20). (Compl. ¶ 24, docket #1.) Joboulian recommended a bite guard and restoration of the teeth, but he did not provide any treatment at that time. The following November, Plaintiff sent a healthcare

---

[1]Plaintiff alleges that Suppes responded to his request on September 19, 2013, but given that Plaintiff received treatment on September 4, the September 19 date alleged in the complaint is probably a typographical error. It is more likely that Suppes responded on September 19, 2012, the date of Plaintiff's first request.

request asking when he would receive the treatment recommended by Joboulian. Defendant Russell responded to Plaintiff's query and told him that he was on a waiting list for treatment.

On January 26, 2014, Plaintiff sent a request for urgent care because tooth #17 had broken and he was in pain. Three days later, Joboulian examined him and determined that the tooth was not restorable. Joboulian indicated that he would submit a referral to have the tooth extracted by a surgeon. He did not provide any treatment for Plaintiff's pain, however. Defendants Joboulian, Russell and Hanline told Plaintiff that he might have to wait five months to see an oral surgeon.

On February 2, 2014, Plaintiff submitted a healthcare request for pain medication, due to pain in tooth #17 which extended from his jaw to his ear. He reported that the over-the-counter (OTC) medication he was taking was not effective. He did not receive a response to this request. He submitted two more requests for healthcare on February 10 and 11, 2014, respectively, reporting that he was in pain and he was unable to chew. Defendant Hanline responded on February 14, telling him to be patient and that he would be seen "as staff and time permits." (*Id.* ¶ 28.) Plaintiff sent more requests for care on February 14, 18, and 23, complaining of pain and inability to eat. Hanline responded on February 24, telling Plaintiff that he would be seen as "staff and time permits." (*Id.* ¶ 31.) Defendant Byard examined Plaintiff the next day and prescribed antibiotic medication. He did not prescribe anything for Plaintiff's pain.

Plaintiff sent another healthcare request on March 7, complaining that his OTC medication was not effective for his pain. Russell responded three days later, telling him that he would be seen "as staff and time permits." (*Id.* ¶ 34.) Plaintiff wrote to Defendant Karp on March 11, asking her to instruct Hagland to schedule Plaintiff to see an oral surgeon. Apparently, Plaintiff did not receive a response.

Plaintiff sent another request on March 17, complaining that pain in his left ear, jaw, and tooth was not being relieved by OTC medication. Defendant Minnich examined Plaintiff on March 19 and stated that he would prescribe antibiotics and Tylenol. Plaintiff complained that he was already taking Tylenol and it did not help. Minnich told him, "That's all I can give you." (*Id.* ¶ 37.) Plaintiff requested care again on March 24, because the antibiotics and OTC medication were not effective. Russell responded and told Plaintiff that he would be seen "as staff and time permits." (*Id.* ¶ 38.)

Defendant Murphy examined Plaintiff on April 3, 2014 and prescribed an antibiotic as well as Ibuprofen and Tylenol for pain. Plaintiff told him that the same medications had been ineffective for his pain. Murphy stated, "I'm limited on what I can give you." (*Id.* ¶ 40.) Plaintiff also informed Murphy that he previously had a bad reaction to the antibiotic Clindamycin. Murphy stated that he would prescribe Erythromycin. Nevertheless, the following day, Plaintiff received a prescription for Clindamycin. Plaintiff told healthcare staff that he could not take it.

On April 15, Plaintiff was taken to Duane Waters Hospital where his tooth was extracted. The physician prescribed Norco for his pain along with Erythromycin. On April 17, Joboulian examined Plaintiff and told him that he disagreed with the decision to prescribe Norco. Joboulian asked Plaintiff to "sign off" on a grievance that Plaintiff had filed against him, but Plaintiff refused.

Plaintiff alleges that he lost 29 pounds between January 29 and April 16, 2014, due to the pain in his tooth and his inability to chew food. He contends that Defendants were aware of his pain and inability to eat but were deliberately indifferent to his need for care.

In addition, Plaintiff alleges that he submitted requests for his medical records concerning his dental care, but Health Information Manager Zeis failed to properly respond to his requests. In Count I of the complaint, Plaintiff asserts that all Defendants were deliberately indifferent to his need for dental care, in violation of the Eighth Amendment. In Count II, Plaintiff claims that Defendants Joboulian, Cooley, Minnich, Byard, Murphy, Karp, and Hagland were grossly negligent and failed to exercise a duty of reasonable care toward Plaintiff. In Count III, Plaintiff contends that Defendant Zeis failed to comply with Michigan's Medical Records Access Act, Mich. Comp. Laws § 333.26261 et seq.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Applying the foregoing standards, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants Byard, Cooley, Joboulian, Minnich, Suppes, Murphy, Hanline, Russell, Karp, and Hagland. Thus, the Court will serve the complaint on these Defendants.

As to Defendant Zeis, Plaintiff's only viable claim against her arises under state law and concerns events that are not related to his allegations against the other Defendants. Although Count I of the complaint asserts that "all" defendants were deliberately indifferent to Plaintiff's medical needs, Plaintiff does not allege any facts from which to infer that Defendant Zeis was involved in, or responsible for, his dental care. Thus, he does not state a deliberate-indifference claim against her. Plaintiff's principal claim against Defendant Zeis appears in Count III of the complaint, where he alleges that she did not fully comply with Michigan's Medical Records Access Act when responding to his requests for his medical records. The Court does not have original jurisdiction over this claim, because it arises solely under state law.[2] Moreover, the Court cannot exercise supplemental jurisdiction over this claim. The supplemental-jurisdiction statute provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related

---

[2] The mere fact that Zeis violated state law does not give rise to a claim under §1983, as that statute does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

>   to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts.'"  *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir. 1996)).  Plaintiff's claim does not meet that standard.  It is not based on any of the facts or events which give rise to Plaintiffs' federal claims against the other defendants.  Thus, the claim in Count III of the complaint must be dismissed for lack of jurisdiction.  Because all claims against Defendant Zeis will be dismissed, she will be dismissed as a defendant in this matter.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff does not state a viable claim against Defendant Zeis under federal law; thus, she will be dismissed for lack of jurisdiction.  Plaintiff states a § 1983 claim against the other Defendants; thus, the Court will order service of the complaint on Defendants Byard, Cooley, Joboulian, Minnich, Suppes, Murphy, Hanline, Russell, Karp, and Hagland.

An order consistent with this Opinion will be entered.


Dated:  August 18, 2015                             /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge